Kenneth C. Johnson, Jr., J.
This is a proceeding on an appeal of a conviction in the Court of 'Special Sessions of the Town of Dryden, County of Tompkins, New York. The defendant-appellant was found guilty after jury trial of driving while intoxicated, a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law.
The affidavit of errors submitted on behalf of defendant-appellant does not set forth all the usual “ shot gun ” allegations— that the verdict was against the weight of evidence, that there was not sufficient evidence to prove the giiilf of the defendant beyond a reasonable doubt, that the punishment was excessive, that the People failed to prove a prima facie case, that the Court of Special Sessions lacked jurisdiction (although the latter three were included in the affidavit). It raises some unique questions, and particularly regarding the refusal of the Justice to allow, on summation of defense counsel, the discussion of the lesser charge of driving while ability impaired, and also the refusal of the Justice to charge the jury concerning the said lesser offense.
The People’s brief first raises the question that ihe defendant’s appeal was not timely made and also was not properly before this court.
In the case of People v. Dimmie (15 N Y 2d 578) the District Attorney made a motion to dismiss the appeal upon the ground that defendant-appellant failed to file a timely affidavit of errors in accordance with section 751 of the Code of Criminal Procedure. The Court of Appeals affirmed the order of the Westchester County Court which held that the right to appeal from a judgment of conviction rendered in the Court of Special Sessions is a privilege granted by statute and the procedural requirements must be strictly followed (although recent cases of the United States 'Supreme Court may indicate a concept of appeal as more a matter of right). The said County Court held that *1 service by mail ’ ’ was not equivalent to the 6 6 filing with clerk ” (or, as in our case, filing with the Magistrate) and that the affidavit must be received within the 30-day statutory period. The court further held that the time period could not be waived and the County Court had no power to relieve the *550 defendant from the failure to comply strictly with the statute.
In the case at hand there is evidence the affidavit of errors, dated July 31, 1970, was filed in the County Clerk’s office August 31, 1970, as the filing stamp of the County Clerk is •affixed to the cover acknowledging the receipt August 31 at 1:38 p.m. This is the only date which appears in the record and although it is evidence that the County Clerk received the affidavit of errors at that time and not when received by the Magistrate, it is relevant, since it is an indication the affidavit was received within the statutory period at least by the County Clerk and probably therefore timely received by the Magistrate. There is an affidavit sworn to later on by the Justice on the 27th of January, 1971, submitted on this appeal, that he did not receive the notice of appeal (which presumably contained the affidavit of errors, as no contention is made such was not received) until September 1, 1970. This evidence is not part of the record. This latter date may be the first date the Justice looked at the papers and made his notation on them that they were received, however; the evidence of the County Clerk’s office is that it was received there August 31, 1970 and it therefore could have been and presumably was delivered to the Justice on that date also. The Justice could have picked up the mail a week from the 31st of August and made a notation it was received September 8, which would certainly be incompatible with the purpose of the statute in setting forth the time limit for receipt within 30 days. Since the 30th day was on a Sunday (Aug. 30), and the only record date shows that the County Clerk received the affidavit of errors August 31, this court finds there was a compliance with the pertinent section of the Code of Criminal Procedure and the filing thereof was timely.
It is also claimed by the People that, since this appeal was not argued at the November, 1970 Term of County Court, this court must dismiss the appeal because section 759 of the Code of Criminal Procedure provides the appeal must be brought to argument by the defendant “ at the next term”. Prior to the November, 1970 Term of County Court, the cases ready for appeal were set forth on the County Court calendar and set down for argument at a time arranged at the initial calendar call for each term. However, since there was a new nonjury term of the County Court scheduled for January, 1971, this court announced at the said November, 1970 Term calendar call that all appeals would be heard in January and thereafter at Special Term dates set for motions and appeals. Therefore, *551 the next term for appeals was January, 1971, at which term this case was submitted for decision by the attorney for defendant and the District Attorney’s office. The defendant-appellant has properly complied therefore with the pertinent section of the Code of Criminal Procedure.
A question has also been raised by defendant-appellant in his memorandum concerning a failure to provide defendant with a long-form information and deposition which were drawn up in addition to the uniform traffic ticket upon which the charge was laid and the bill of particulars provided. Defendant-appellant claims that since he was never furnished with a copy of the long-form information and deposition, he was thereby denied due process. The defendant was arrested and arraigned on a uniform traffic ticket and, as mentioned, a bill of particulars was furnished to him by the People. The case of People v. Boback (23 N Y 2d 189, 193) held that the statutes (at that time) did not require that a bill of particulars be verified “ or that it be made by a person having personal knowledge of the events.” A uniform traffic ticket also does not have to be made by a person having personal knowledge of the events. The uniform traffic ticket in this case was sufficient and the only pleading necessary. The bill of particulars expressly sets forth the specifics of the observations regarding the evidences of intoxication, and the uniform traffic ticket sufficiently (when filled out pursuant to statute) spells out the charges. Those two pleadings and the appearance of the defendant with counsel waiving any rights to further arraignment would indicate there was no denial of due process. However, if a long-form information and deposition were drawn, it should have been produced for the benefit of the defense. Since it was not used, the failure to furnish copies would not result in any prejudice to the defendant unless the deposition was refused for use to the defendant for cross-examination purposes.
The testimony and evidence at the trial showed the observation of defendant by one Gerald Williams who was following defendant and saw him veer toward the left-hand lane, whip back across the eastbound lane, knock down a sign and travel about 50 feet into a snowbank. He observed no one fleeing the car, the back wheels of the car spinning in the snow and the defendant, who was the only person in the car, with his foot on the gas pedal making the wheels spin. Upon opening the door of the car, Williams noticed a strong smell of alcohol, that the defendant’s eyes were bloodshot and that he was bleed *552 ing from the lips and nose. Upon Mr. "Williams’ asking if defendant was all right, the defendant replied he was the only one involved in the accident.
Defendant-appellant’s counsel argues that such a statement by defendant was improperly admitted into evidence, contending it was an admission made to a police officer and therefore notice should have been given as provided by section 813-f of the Code of Criminal Procedure. The statement, by defendant, was merely a voluntary statement made in response to the usual question by a private person coming upon the scene of an accident as to whether defendant was hurt. No police inquiry was made, no custodial atmosphere prevailed, Williams merely being an employee of Cornell University Safety Division, who was off duty, off campus, in his own private car, not in uniform and without any police jurisdiction at the scene whatsoever and' who was in no way working at that time for any police agency. No notice under said section 813-f was required.
In addition to the testimony of Williams there was evidence that defendant fell twice within the distance of about six feet when being helped into Williams’ car, fell again at the police barracks, and was staggering later at the accident scene when he returned. The breathalizer test showed a blood-alcohol level of .20%. The defendant, upon trial, did not testify and produced no witnesses in his behalf. Such evidence proved overwhelmingly beyond a reasonable doubt that defendant was driving while intoxicated.
The only remaining question is whether the refusal to allow defense counsel to discuss the lesser degree of impairment in his summation and the refusal of the Justice to charge impairment were reversible errors.
Where no chemical test was administered, it would be reversible error to charge impairment, since subdivision 1 of section 1192 of the Vehicle and Traffic Law provides there shall be no conviction unless a chemical test was administered showing 10/100th of 1% or more by weight of alcohol in the blood (People v. Bronzino, 25 A D 2d 685). As mentioned, the chemical test administered in this instant case resulted in a blood alcohol level of .20%, which, under the provisions of section 1192 (subd. 3, par [d]), would be prima facie evidence that defendant was in an intoxicated condition. Since there was no rebuttal testimony produced by defense whatsoever (no one for defense taking the stand), this presumption stands. The jury could either reject the result of the test completely *553 or believe it. If believed, the presumption stood unrebutted. If rejected, there would be no result of a chemical test to consider. The People produced an expert witness who testified at length to the scientific principles, theory, mechanics and operation of the breathalizer used, and the officer operating the machine at the time defendant was tested also testified at length. Nowhere in their direct testimony or upon their extensive cross-examination by defense counsel was it shown or even intimated the test could result in a reading less than the .15% which would be prima facie evidence that defendant was in an intoxicated condition. The jury therefore could consider whether the machine was operated correctly or not or whether the results of the test were correct or not. It could take the reading that resulted or throw it out. If the jury found the machine was improperly operated, then the result would have to be disregarded. The result was either valid or invalid. If invalid, the jury could not consider impairment, since a chemical test of .10% or more is required by statute. If valid, the jury must consider the result, which was prima facie evidence of intoxication. There was no rebuttal testimony or evidence offered by defendant showing he was impaired rather than intoxicated, so that the jury had nothing to consider concerning impairment and a charge to the jury of impairment would therefore have been improper.
There was an allegation in the affidvait of errors that the sentence of the defendant to 10 days in the Tompkins County jail (and the fine of $150) was an abuse of discretion. Such is not substantiated. The maximum sentence for conviction of driving while intoxicated was imprisonment for one year or a fine of $500 or both. There is nothing in the record or on this appeal that indicates the sentence of the Justice was an abuse of discretion on excessive.
Conviction affirmed.