OPINION OF THE COURT
Gerald Sheindlin, J.
The defendant was charged with criminally negligent homicide (Penal Law § 125.10).
*519 The issue presented is whether CPL 710.30 (1) (a) notice must be served when statements by a police officer defendant were made to off-duty police officers who were friends of the defendant.
This written opinion supplements the oral decision rendered by the court during this nonjury trial.
FINDINGS OF FACT
Following a Huntley hearing on this matter, the court finds that the testimony of Police Officer John Gilcher, Detective Robert Sodine and Police Officer John Valdespino to be consistent, uncontroverted and uncontradicted in any major respects and had the force and flavor of credibility.
The court finds that on or about February 7, 1988, the defendant, an off-duty police officer, was present at the home of Lee Valdespino, a correction officer. Also present was a friend, Mark Batista. Mr. Batista took a .357 magnum revolver, loaded with six rounds, from the top of Lee Valdespino’s dresser. He unloaded the weapon and began to dry-fire the weapon while watching a video movie (coincidentally entitled Lethal Weapon). While Mr. Batista was dry-firing the weapon, the defendant and Lee Valdespino were talking to acquaintances on the telephone. Subsequently, Mr. Batista reloaded the weapon and placed it on the bed next to the defendant. Joe Valdespino, also a police officer and a brother of Lee, entered the bedroom and observed the weapon on the bed. He picked up the weapon, observed that it was loaded and placed it back on the bed. Approximately 10 minutes thereafter, the defendant picked up the weapon, placed his finger on the trigger and teasingly said to Lee, "I’m going to hit your knee” knowing that Lee recently underwent knee surgery. The defendant then said, "Better yet, I should shoot you.” The defendant then pointed this .357 magnum revolver towards Lee’s face and pulled the trigger. A bullet exploded from the weapon, striking Lee Valdespino in the head, killing him instantly.
Subsequent to these events, the defendant had several conversations with Police Officers John Gilcher and John Valdespino (also a brother of the deceased) during which the defendant made statements regarding the circumstances of the shooting. Each of these conversations were held in a social atmosphere and were clearly unofficial.
Police Officers Gilcher and Valdespino were never ques *520 tioned about the incident by investigating officers. Neither officer reported the defendant’s statements. They assumed the defendant made the same statements to the investigating officers. The prosecuting attorney first learned of the defendant’s statements about 2 Vi years after the incident quite by accident. After receiving a phone call from a police reverend who was consoling John Valdespino, the prosecuting attorney contacted Mr. Valdespino to give him an update on the progress of the case. It was during this conversation that John Valdespino happened to mention in passing the statements the defendant made to himself and John Gilcher.
CONCLUSION OF LAW
Once the People informed the defendant of their discovery of the defendant’s prior statements to Officers Gilcher and Valdespino, the defendant moved to preclude the introduction of the statements at trial on the grounds that the People failed to timely file CPL 710.30 (1) (a) notice. The People contend that such notice was not required because the witnesses to whom the statements were made were not acting as public servants or police agents at the time the statements were made. They further argued that even if CPL 710.30 (1) (a) notice was required, the unique circumstances of this matter constitute good cause to permit the filing of late notice. This court agrees.
CPL 710.30 (1) (a) requires notice when a statement is made to a public servant. In this case, although Gilcher and Valdespino were police officers, they were not acting in their official capacity when the defendant made statements to them. In People v Ridley (65 Misc 2d 547, 552) the court held that notice was not required when the defendant made a statement at the scene of an auto accident to an "employee of Cornell University Safety Division, who was off duty, off campus, in his own private car, not in uniform and without any police jurisdiction at the scene whatsoever and who was in no way working at the time for any police agency.” In all encounters with the defendant, Police Officers Gilcher and Valdespino were off duty and in an unofficial and social atmosphere. These officers were not involved in any aspect of the investigation. There was no custodial interrogation. Based on these circumstances the statements made to Officers Gilcher and Valdespino were not made to "public servants” as that term is used in CPL 710.30 (1) (a).
*521 This court further rules that good cause exists to permit the filing of late statement notice. In evaluating this issue, the court is guided by the teachings of People v O’Doherty (70 NY2d 479 [1987]). The Court of Appeals established a two-tier test to be applied when considering a prosecutor’s application to file late notice. First, the People must present a showing of good cause for their failure to file timely notice. Once this first threshold issue is met, then the court must consider whether any prejudice results to the defendant which should nevertheless preclude the People’s application.
The defendant contends that, as in O’Doherty (supra [where the investigating officers obtained a statement from the defendant and failed to timely inform the District Attorney’s office]), the lack of communication in this case between the police witnesses and the prosecutor should not constitute good cause. O’Doherty, however, is clearly distinguishable. In O’Doherty, the statement was made to an investigating police officer acting in his official capacity. O’Doherty demonstrated a lack of communication between the police and the District Attorney’s office. This, the court held, is not "good cause.” However, this case reflects unusual circumstances contemplated by the statute. The court in O’Doherty noted: "There may be instances where given the time, place and context of the defendant’s statement to a police officer and an attenuated connection between that officer and the prosecutor, the untimely disclosure of the statement to the prosecutor would present the 'unusual circumstances’ to which the good cause requirement is addressed.” (Supra, at 486.) Hence, the court anticipated the circumstances presented by this case. The witnesses to the statement were off-duty police officers who were not included in any aspect of the investigation and were speaking with the defendant in a social setting when the defendant made the statements that are the subject of this hearing. Furthermore, there was absolutely no connection between these officers and the prosecuting attorney. In fact, since John Valdespino was not a witness to the incident, he probably would not have spoken to the prosecuting attorney if it were not for the unexpected involvement of the police reverend.
The peculiar facts of this case present the unusual circumstances and attenuated connection between the officers and the prosecuting attorney to constitute good cause for the filing of late notice. Since defense counsel admits there would be no ensuing prejudice to the defendant as a result of this *522 late notice, this court grants the People’s application to file late CPL 710.30 (1) (a) notice.
CONCLUSION
The People’s application to serve late CPL 710.30 (1) (a) notice is granted. Furthermore, the defendant’s motion to suppress his statements is, in all respects, denied.